# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:13-cr-19-001 |
| v. ) | |
| ) | Judge McDonough/Steger |
| ARANALDO CABRERA ) | |

## MEMORANDUM AND ORDER

ARANALDO CABRERA ("Defendant") came before the Court for an initial appearance on March 6, 2019, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 104].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney; however, the Court learned that Defendant may have won a substantial sum of money through a lottery which would enable him to pay for an attorney to represent him in this matter. The Court is not satisfied that Defendant qualifies for the appointment of an attorney to represent him at government expense. Consequently, the Court **TEMPORARILY APPOINTED** attorney Stevie Phillips of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant at his initial appearance, but directed Attorney Phillips to notify the Court by March 18, 2019, whether (1) she believes there is some basis for the Court to appoint her to continue representing Defendant through the conclusion of this matter; or (2) whether she will continue to represent Defendant as privately-retained counsel; or (3) whether she is requesting to withdraw from the case so that Defendant can privately retain some other attorney.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Joe DeGaetano explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. After conferring with his counsel, Defendant waived the preliminary hearing and detention hearing.

The Court finds that probable cause exists to demonstrate that Defendant has committed violations of his conditions of supervised release, and that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further Order of this Court.

It is, therefore, **ORDERED** that:

1. Attorney Stevie Phillips shall provide written notification to the Court by March 18, 2019, as to whether (1) she believes there is some basis for the Court to appoint her to continue representing Defendant through the conclusion of this matter; or (2) whether she will continue to represent Defendant as privately-retained counsel; or (3) whether she is requesting to withdraw from the case so that Defendant can privately retain some other attorney.

2. Counsel for Defendant and the Government shall confer and make best efforts to submit to United States District Judge McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

3. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision, they shall request a hearing before United States District Judge McDonough.

4. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**ENTER.**

/s/*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE